# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THUY D. MURRAY and SEAN K. MURRAY,

    Plaintiffs,

v.                                                                            CASE NO: 8:06-cv-717-T-26MAP

QUIZNOS FRANCHISING LLC,

    Defendant.
    _____/

## O R D E R

    Before the Court is Defendant's Motion to Dismiss for Improper Venue and Failure to State a Claim and alternative Motion to Transfer for Improper Venue and supporting memorandum with the Declaration of Carri Bryan attached (Dkts. 5 & 6) and Plaintiffs' Memorandum in Opposition and the attached Declaration of Thuy D. Murray. (Dkt. 9). After careful consideration of the parties' submissions and the file, the Court concludes that the case should be transferred to the United States District Court for the District of Colorado based on the forum selection clause in the contract.

    In this action, which was removed to this court based on diversity jurisdiction, Plaintiffs seek rescission of a franchise agreement entered executed on September 28, 2004. The franchise agreement contains the following choice-of-forum and choice-of-law clause:

        21.1 **Governing Law/Consent to Venue and Jurisdiction**

> Except to the extent governed by the United States Trademark Act of 1946 (Lanham Act, 15 U.S.C. §§ 1051 et seq.) or other federal law, this Agreement shall be interpreted under the laws of the State of Colorado, and any dispute between the parties, whether arising under this Agreement or from any other aspect of the parties' relationship, shall be governed by and determined in accordance with the substantive laws of the State of Colorado, which laws shall prevail in the event of any conflict of law. Franchisee [Plaintiffs] and Franchisor [Defendant] have negotiated regarding a forum in which to resolve any disputes arising between them and have agreed to select a forum in order to promote stability in their relationship. Therefore, if a claim is asserted in any legal proceeding involving Franchisee [Plaintiffs] or any Bound Party and Franchisor [Defendant], the parties agree that the exclusive venue for disputes between them shall be in the District Court for the City & County of Denver, Colorado, or the United States District Court for the District of Colorado, and each party waives any objection it might have to the personal jurisdiction of or venue in such courts.

(Dkt. 2 at attachment page 33, para. 21.1). Plaintiffs allege several counts for rescission, including rescission based on fraudulent and/or negligent representations, a substantial breach of contract, and mutual and/or unilateral mistake.[1]

Plaintiffs are residents of Sarasota County, Florida, and Defendant is a Delaware corporation with its principal place of business in Colorado. The agreement contemplated the operation of a Quiznos franchise in Sarasota County, Florida. All of the issues involve the inability of the Plaintiffs, through no fault of their own they contend, to begin full operation of the business within one year of the execution of the agreement. Problems with permitting, construction bids, construction management, and high costs

---

[1] Plaintiffs' final count seeks damages under a theory of unjust enrichment.

associated with the build out of Plaintiffs' leased premises prevented completion and any hopes of operation within or near the one-year mark.

All parties agree that the case of In re Ricoh, 870 F.2d 570 (11th Cir. 1989), controls.[2]  Because the parties contractually agreed upon a forum, the plaintiff's choice of forum is not afforded deference in a situation like the instant one where the case was initially filed in a forum other than the agreed upon forum.  The parties opposing the contractual forum, here the Plaintiffs, bear the burden of persuasion that the agreed upon location, here Colorado, "is sufficiently inconvenient."  Ricoh, 870 F.2d at 573.  The court must keep in mind that the selection forum clause "is a significant factor that figures centrally in the District Court's calculus."  Id. (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)).  "[W]hile other factors might 'conceivably' militate against a transfer, . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors."  Ricoh, 870 F.2d at 573 (quoting Stewart, 108 S.Ct. at 2244)).  Finally, "a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases."  Stewart, 108 S.Ct. at 2250 (Kennedy, J., concurring).

---

[2]  Challenges to a contractual forum selection clause in diversity cases must be analyzed under federal law, specifically 28 U.S.C. § 1404(a).  See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28-29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).  Section 1404(a) provides as follows:
> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The Eleventh Circuit further instructs the district court to consider whether the contract was "freely and fairly negotiated by experienced business professionals," whether "fraud, duress, misrepresentation or other misconduct" has been alleged with respect to the forum selection clause,[3] and whether any "intervening and unexpected occurrences between the contract's formation and the filing of the suit" would frustrate the purpose of the forum selection clause. Ricoh, 870 F.2d at 574. The Plaintiffs' financial ability does not constitute a viable reason for failure to enforce a forum selection clause. See P& S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807-8 (11th Cir. 2003) (citing various cases).

Against this backdrop, Plaintiffs contend that Colorado is sufficiently inconvenient because all material witnesses and the property on which the Quiznos would be operated are located in Florida. Plaintiffs also argue, and support with the affidavit of Mrs. Murray, that the forum selection clause was the product of unequal bargaining power, and specifically, that the issues arising over building permits constitute intervening, unexpected occurrences after the formation of the contract sufficient to warrant maintaining the case in this District.

---

[3] The fraud allegations must be alleged with respect to inducing a party to agree to the inclusion of the forum selection clause in the contract, not a general claim of fraud directed toward the entire contract. See Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 2457 n. 14, 41 L.Ed.2d 270 (1974) (noting that Supreme Court in Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 13 (1972), held that "an arbitration or forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion") (Emphasis in original).

Mrs. Murray avers that this is the first franchise agreement she had ever signed, and that she had the majority of discussions with the representatives of Quiznos, not her husband. Mrs. Murray claims that she had never owned a business before she executed this franchise agreement. She avers that she was told by a Quiznos representative from Miami at a seminar that she "would not be allowed to change any of the terms of the Franchise Agreement" and therefore she did not do so. She asserts she had no bargaining power with Quiznos.

Employing the directives of the Eleventh Circuit, this Court must transfer this case to the contractually agreed upon forum unless this case presents one of the rarest or most exceptional situations. There are no allegations of fraud in the inducement with regard to the forum selection clause. Mrs. Murray's statement that she was not permitted to change any of the terms of the franchise agreement does not amount to an inducement to sign the agreement, much less to an inducement specific to the forum selection clause. Although Mrs. Murray avers she had no bargaining power over Quiznos, it is obvious that in a situation involving a franchisor and franchisee, the franchisor holds most, if not all, of the bargaining power. A case relied on by the Eleventh Circuit in P & S Business Machines, even recognizes the inherent disparity of economic power between a franchisor and franchisee. See Moses v. Business Card Exp., Inc., 929 F.2d 1131, 1138 (6th Cir. 1991). Thus, this Court does not find anything unique about this particular franchisor-franchisee relationship that requires a rare or exceptional dilemma.

Finally, Plaintiffs' claim that the problems obtaining the building permits for the leased premises constituted intervening, unexpected occurrences frustrating the purpose of the contract. If parties were permitted to claim that all impediments in the construction process gave rise to frustration of the contract's purpose, then few contracts would ever be upheld or performed. There is simply nothing so unique about the situation between the parties in this case that justifies overriding the contracted for Colorado forum.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion to Transfer for Improper Venue (Dkt. 5) is **GRANTED**.

(2) Defendant's Motion to Dismiss for Improper Venue (Dkt. 5) is denied.

(3) Defendant's Motion for Failure to State a Claim (Dkt. 5) is denied without prejudice.

(4) This Clerk is directed to transfer this case to the United States District Court for the District of Colorado and to close this case following transfer.

**DONE AND ORDERED** at Tampa, Florida, on May 26, 2006.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**: Counsel of Record